UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CEDRIC SAUNDERS,

v.   Case No.   8:00-cr-164-T-17TGW
     8:06-cv-20-T-17TGW

UNITED STATES OF AMERICA.

_____/

## ORDER

On January 5, 2006, Defendant Cedric Saunders filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-48). Although Saunders signed the motion to vacate, he did not date the document.

### BACKGROUND

On October 20, 2000, Saunders pled guilty to count one of the Indictment. The Plea Agreement (Doc. cr-36, ¶ 1) reads:

> Count one charges the defendant with Conspiracy to Possess with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. § 846.

On January 31, 2001, the Court sentenced Saunders to 188 months incarceration. The judgment was signed February 8, 2001. Saunders did not appeal the conviction or sentence.

### DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See

28 U.S.C. § 2255.

## Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Saunders' conviction became final on February 18, 2001, when the time for filing a direct appeal had passed; thus, he had until February 18, 2002, to file a timely section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Saunders did not file his motion to vacate until January 2006, and the motion to vacate is time-barred.

Saunders has not presented any exceptional circumstances for tolling the one-year limitations period. Furthermore, In his 28 U.S.C. § 2255 motion to vacate, Saunders raises claims related to his sentencing pursuant to the holdings in United States v. Booker, 543

U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296(2004). Neither Booker[1] nor Blakely are retroactive on collateral attack. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Accordingly, the court orders:

That Saunders' motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-48) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Saunders in the civil case and to close that case.

ORDERED at Tampa, Florida, on January 11, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Colleen D. Murphy-Davis
Pro se: Cedric Saunders

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000) is also not retroactive on collateral attack.